IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:21-CV-31-D

| | |
|---|---|
| CHURCH MUTUAL INSURANCE COMPANY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>STORM TEAM CONSTRUCTION, INC., )<br>d/b/a STORM TEAM USA, )<br>)<br>Defendant. ) | **ORDER** |

On July 31, 2021, Church Mutual Insurance Company ("Church Mutual" or "plaintiff") filed suit against Storm Team Construction, Inc. ("Storm Team" or "defendant") seeking injunctive and declaratory relief arising from an insurance dispute [D.E. 1]. On August 8, 2021, Storm Team filed an answer and asserted counterclaims for breach of contract and a violation of the North Carolina Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. §§ 75-1.1 et seq. ("UDTPA") [D.E. 9].

On September 3, 2021, Church Mutual moved to dismiss Storm Team's UDTPA counterclaim [D.E. 11] and filed a memorandum in support [D.E. 12]. The same day, Church Mutual filed an answer and affirmative defenses to Storm Team's counterclaims [D.E. 13]. On September 22, 2021, Storm Team filed a motion for leave to amend its counterclaims in light of Church Mutual's motion to dismiss [D.E. 14]. On September 24, 2021, Storm Team responded to Church Mutual's motion to dismiss and conceded that in light of North Carolina law, dismissal of its UDTPA claim, as originally pleaded, is warranted [D.E. 16]. On October 13, 2021, Church Mutual responded in opposition to Storm Team's motion for leave to amend [D.E. 20]. As explained

below, the court denies Storm Team's motion for leave to amend and grants Church Mutual's motion to dismiss Storm Team's UDTPA claim.[1]

Storm Team's counterclaims arise from Murfreesboro United Methodist Church assigning rights related to this insurance dispute to Storm Team. Thus, Storm Team asserts its UDTPA tort claim as an insurance claim assignee. The parties agree that under North Carolina law, UDTPA claims are not assignable. See [D.E. 12] 3–4; [D.E. 16] 2; see, e.g., Exact Sciences Corp. v. Blue Cross & Blue Shield of NC, No. 1:16CV125, 2017 WL 1155807, at *11 (M.D.N.C. Mar. 27, 2017) (unpublished); Revolutionary Concepts, Inc. v. Clements Walker, PLLC, 227 N.C. App. 102, 107, 744 S.E.2d 130, 134 (2013); Horton v. New South Ins. Co., 122 N.C. App. 265, 269, 468 S.E.2d 856, 858 (1996). This dooms Storm Team's UDTPA claim. To correct this problem, Storm Team seeks leave to amend its counterclaim and states it will "assign the rights to insurance benefits back to Murfreesboro Church and add, then substitute, them as Defendant and Counter-Plaintiff." [D.E. 14] 3.

Storm Team relies on Federal Rule of Civil Procedure 15 as the basis for its proposed amendments and substitution. As for Storm Team's proposed substitution, Rule 15 is not "the appropriate procedural rule where there is a transfer of interest during the course of the proceedings." Norkunas v. Biltmore Eight, No. 1:09cv375, 2011 WL 198032, at *1 (W.D.N.C. Jan. 20, 2011) (unpublished). Instead, Rule 25(c) dictates the proper course.

Under Federal Rule of Civil Procedure 25(c), "[i]f an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be

---

[1] This case arises under the court's diversity jurisdiction. See [D.E. 1] ¶¶ 2–6; [D.E. 9] 6. Therefore, the court applies North Carolina substantive law and federal procedural rules. See Erie R.R. v. Tompkins, 304 U.S. 64, 78–80 (1938); Dixon v. Edwards, 290 F.3d 699, 710 (4th Cir. 2002).

2

Case 2:21-cv-00031-D   Document 24   Filed 11/30/21   Page 2 of 3

substituted in the action or joined with the original party." Fed. R. Civ. P. 25(c). Rule 25(c) applies when "an interest is transferred." Id. (emphasis added). Thus, it does not apply when no interest has yet been transferred. See, e.g., Jiangmen Kinwai Furniture Decoration Co. v. IHFC Properties, LLC, No. 1:14CV689, 2018 WL 262838, at *3 (M.D.N.C. Jan. 2, 2018) (unpublished). Storm Team states it "presently has not made the assignment back to Murfreesboro Church." [D.E. 14] 4 n.11. Storm Team has, however, outlined several scenarios for how it might assign all or some of its interests back to Murfreesboro United Methodist Church and then proceed with this lawsuit. See [D.E. 14] 3–4. However, without an assignment of interest, Storm Team's proposed amendments under Rule 15 are futile. Accordingly, the court denies Storm Team's motion for leave to amend as futile and grants Church Mutual's motion to dismiss. Thus, the court dismisses Storm Team's UDTPA claim without prejudice.

Should Storm Team indeed transfer some or all of its interests back to Murfreesboro United Methodist Church, Storm Team may again seek to amend its pleadings under Rule 15 and seek to substitute Murfreesboro United Methodist Church as a party under Rule 25. Only then will the court consider whether to allow such amended pleadings or substitution.

In sum, the court GRANTS defendant's motion to dismiss [D.E. 11], DENIES plaintiff's motion to amend [D.E. 14], and DISMISSES WITHOUT PREJUDICE defendant's second counterclaim [D.E. 9].

SO ORDERED. This the 30 day of November, 2021.

JAMES C. DEVER III
United States District Judge

3

Case 2:21-cv-00031-D    Document 24    Filed 11/30/21    Page 3 of 3