UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

No. 2:21-CV-31-D

| | |
|---|---|
| CHURCH MUTUAL INSURANCE COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> MURFREESBORO UNITED METHODIST CHURCH, <br><br> Defendant. | ORDER |

This matter is before the court on the motion to compel appraisal and abate of Defendant Murfreesboro United Methodist Church ("MUMC"). [DE-36]. Plaintiff Church Mutual Insurance Company ("Church Mutual") filed a response in opposition to the motion. [DE-40]. For the reasons that follow, the motion is denied.

I.   **Background**

Church Mutual filed this action to resolve a dispute between the parties regarding whether the appraisal provision contained in an insurance policy issued by Church Mutual was properly invoked where the parties disputed the scope of coverage and causation of damages. Compl. [DE-1]. In June 2019, MUMC notified Church Mutual that MUMC had sustained hail damage to its property, and Church Mutual opened a claim. *Id.* ¶ 12. Church Mutual identified certain hail damage covered under the policy and valued the covered damage at $238,620.52. *Id.* ¶ 14. MCMU's assignee, Storm Team Construction, Inc. ("Storm Team"),[1] prepared an estimate to perform repair work at the property in the amount of $1,030,599.10, which Church Mutual

---

[1] Storm Team was the original defendant in this action, and MUMC was later substituted as the defendant. [DE-29].

contends included repairs to portions of the property that did not sustain storm-related damage and was outside the scope of covered damages identified by Church Mutual. *Id.* ¶ 16. Storm Team then attempted to invoke the policy's appraisal provision, which applies to disputes regarding the value of property or amount of loss, not coverage disputes, and Church Mutual advised Storm Team that invocation of the appraisal provision was not appropriate and would violate the policy under the circumstances. *Id.* ¶¶ 15–19. Storm Team indicated it intended to proceed with its appraisal, and Church Mutual filed the instant action seeking a preliminary injunction to prevent a unilateral and improper appraisal and a declaratory judgment that Storm Team is not entitled to proceed with the appraisal and anticipatorily breached the policy by repeatedly demanding the unwarranted appraisal. *Id.* ¶¶ 20–35.

In its answer, Storm Team denied that there was a dispute as to the scope and cause of damages, claiming that it was undisputed that the property was damaged by a hailstorm. Answer [DE-9] ¶ 17. Storm Team admitted that it attempted to invoke the policy's appraisal provision and denied that the request to do so was improper. *Id.* ¶¶ 18–20. However, Storm Team also stated that it "agreed not to proceed with appraisal unilaterally unless the Court compels appraisal and then Church Mutual refuses to comply." *Id.* ¶ 21. Storm Team asserted counterclaims against Church Mutual for breach of contract for denying and underpaying covered damage under the policy, for refusing to participate in the appraisal process invoked by Storm Team, and for Unfair and Deceptive Trade Practices under N.C. Gen. Stat. § 75-1.1. *Id.* ¶¶ 25–77.

The court subsequently dismissed the UDTPA claim because Storm Team was an assignee, and UDTPA claims are not assignable under North Carolina law. Nov. 30, 2021 Order [DE-24] at

2

2–3. Thereafter, Storm Team transferred its interest in the claims under the policy back to MUMC and moved to substitute it as the defendant and counterclaimant in this action and to add back MUMC's UDTPA counterclaim, which the court allowed. March 31, 2022 Order [DE-29] at 4–13. MUMC subsequently filed an amended answer and counterclaims, [DE-30], which Church Mutual answered, [DE-34].

On June 13, 2022, MUMC filed the instant motion to compel appraisal and abate this action until the appraisal process is complete. [DE-36]. Church Mutual filed a response in opposition on June 30, 2022. [DE-40]. The motion was referred to the undersigned for disposition on July 21, 2022. [DE-41]. The discovery deadline is currently September 2, 2022, with the exception of certain depositions, to be taken later in September, [DE-47], and potentially dispositive motions are due September 30, 2022. [DE-33].

## II.    Discussion

MUMC contends that under North Carolina law, which applies in this diversity action, matters of causation and coverage need not be determined before the amount of loss is appraised, and MUMC is entitled to invoke the appraisal provision under the policy before the case proceeds further. Def.'s Mem. [DE-38] at 3–10. Church Mutual disputes MUMC's interpretation of North Carolina law, and asserts that staying the present litigation to force an appraisal is improper because the parties' coverage dispute falls outside the limited purpose of an appraisal, Storm Team and its assignee MUMC waived any right to pursue appraisal, and compelling Church Mutual to comply with a contractual provision would not be appropriate because MUMC has not established entitlement to specific performance. Pl.'s Mem. [DE-40] at 6–12.

3

The appraisal provision in the policy provides as follows:

C. The Appraisal Loss Condition is replaced by the following:

Appraisal.

If we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. You and we must notify the other of the appraiser selected within 20 days of the written demand for appraisal. The two appraisers will select an umpire. If the appraisers do not agree on the selection of an umpire within 15 days, they must request selection of an umpire by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be the appraised value of the property or amount of loss. If you make a written demand for an appraisal of the loss, each party will:

1. Pay its chosen appraiser; and

2. Bear the other expenses of the appraisal and umpire equally.

Policy, Compl. Ex. A, [DE-1-1] at 71.

Under North Carolina law, an insurance policy is a contract, and its terms, including an appraisal provision, are binding on the parties. *See New Bern Golf & Country Club, Inc. v. Underwriters at Lloyd's London*, No. 4:19-CV-151-BR, 2020 WL 1958631, at *2 (E.D.N.C. Apr. 23, 2020) ("North Carolina law provides 'an insurance policy is a contract and its provisions govern the rights and duties of the parties thereto.'") (quoting *Gaston Cnty. Dyeing Mach. Co. v. Northfield Ins. Co.*, 351 N.C. 293, 524 S.E.2d 558, 562 (N.C. 2000)); *Shardamaya Inc. v. Owners Ins. Co.*, No. 7:21-CV-00154-M, 2022 WL 673709, at *2 (E.D.N.C. Mar. 7, 2022) ("Under North Carolina law, parties are bound to honor the terms of an appraisal clause in an insurance policy.") (citing *Patel v. Scottsdale Ins. Co.*, 221 N.C. App. 476, 483–84, 728 S.E.2d 394, 399–400 (2012)).

However, while "appraisal clauses are generally enforceable, 'North Carolina law does not empower appraisers to make causation or coverage determinations.'" *New Bern Golf & Country Club, Inc.*, 2020 WL 1958631, at *3 (quoting *Glendale LLC v. AMCO Ins. Co.*, No. 3:11-CV-3, 2012 WL 1394746, at *4 (W.D.N.C. Apr. 23, 2012) (citing *High Country Arts and Craft Guild v. Hartford Fire Ins.*, 126 F.3d 629, 634 (4th Cir. 1997); *N.C. Farm Bureau Mut. Ins. Co., Inc. v. Sadler*, 365 N.C. 178, 711 S.E.2d 114, 117–18 (N.C. 2011))).

At issue here is whether the court should compel Church Mutual to participate in the appraisal process at this time and if so, whether the court should stay the case pending conclusion of the appraisal. While MUMC contends that Church Mutual prematurely filed this lawsuit and should participate in the appraisal process before further litigating this matter, MUMC has pointed to no provision in the policy that makes engaging in the appraisal process a condition precedent to litigation. *See id.* at *2 (E.D.N.C. Apr. 23, 2020) (recognizing that "*if the parties agree*, they may 'make participation in an appraisal process a condition precedent to suit'" and declining to compel appraisal or to dismiss or stay the case) (emphasis added) (citations omitted).

Furthermore, this is not a case where the parties agree on the scope of covered damage and the only dispute is the value of the damaged property or the amount of loss. Church Mutual disputes that all the damage for which MUMC seeks to recover was caused by hail and is covered under the policy. In the complaint, Church Mutual alleges that Storm Team prepared an estimate to perform repair work at the property in the amount of $1,030,599.10, which Church Mutual contends included repairs to portions of the property that *did not sustain storm-related damage* and was *outside the scope* of covered damages identified by Church Mutual. Compl. [DE-1] ¶ 16.

5

An October 30, 2020 letter from Church Mutual to MUMC's counsel regarding the claim states that Church Mutual's inspector "identified some hail damage to the insured property" but "interior water damage we identified was not associated with any opening in the building created by the May 31, 2019 hailstorm, and the policy does "not afford coverage for some of the damages you have claimed." Pl.'s Resp., Ex. A [DE-40-1] at 1; *see also* May 26, 2021 Email, Compl. Ex. 3 [DE-1-3] at 4 ("I realize you think there are others [sic] issues like coverage. But the proper procedure is to appraise the damages and *you can argue coverage later*.") (emphasis added). The pleadings and correspondence between the parties indicate there is a coverage dispute, and coverage issues are not appropriately resolved by appraisal. *See New Bern Golf & Country Club, Inc.*, 2020 WL 1958631, at *4 (finding dispute as to how much damage was caused by the covered event was a causation question that should not be resolved by the appraisal process); *Shardamaya Inc.*, 2022 WL 673709, at *3.

MUMC primarily relies on *N.C. Farm Bureau Mut. Ins. Co., Inc. v. Sadler* to support its request for relief.[2] Def.'s Mot. [DE-38] at 2–3. While MUMC is correct that *Sadler* recognized an appraiser evaluates only the loss and not the scope of coverage, 365 N.C. 178, 183, 711 S.E.2d 114, 117 (quoting 2 Allan D. Windt, *Insurance Claims & Disputes* § 9.33, at 111 (3d ed. 1995)), it does not stand for the proposition that an insured can unilaterally invoke an appraisal provision in the face of a coverage dispute. In fact, acknowledging *Sadler, Glendale LLC, High Country*, and

---

[2] MUMC's citation to *Dwyer v. Fid. Nat. Prop. & Cas. Ins. Co.*, is unhelpful for several reasons, chiefly that it is an out-of-circuit case applying federal common law, rather than the North Carolina law applicable here, and in *Dwyer* there was no coverage dispute at the time the motion to compel appraisal was brought, only a dispute regarding the amount of loss. 565 F.3d 284, 287–88 (5th Cir. 2009).

6

a host of North Carolina state court cases, this court has rejected efforts to compel an appraisal or to stay litigation pending the completion of an appraisal where coverage issues were disputed. *See Shardamaya Inc.*, 2022 WL 673709, at *1 (declining to stay the case for completion of an appraisal where disputes went beyond determining the amount of loss, despite the fact that both the policy and North Carolina law provided for an appraisal process to determine the amount of loss an insured sustained); *New Bern Golf & Country Club, Inc.*, 2020 WL 1958631, at *3 (declining to compel the appraisal process and to dismiss or stay the case pending appraisal where the parties agreed that wind was a covered event but disagreed as to how much damage it caused). It is also significant that this case has been pending for more than a year with discovery nearing its end and potentially dispositive motions due within a month. While the court appreciates that MUMC is relatively new to the case, a change in litigation strategy from its predecessor provides no cause to delay the resolution of this matter. *See Silva v. Connected Invs., Inc.*, No. 7:21-CV-74-BO, 2022 WL 3083326, at *3 (E.D.N.C. Aug. 2, 2022) (finding a change in litigation strategy was not good cause to modify a scheduling order). Accordingly, the court declines at this time to stay this matter and to compel Church Mutual to participate in the appraisal process.

### III. Conclusion

For the reasons stated herein, the motion to compel appraisal and abate is denied.

So ordered, this the **31** day of August 2022.

Robert B. Jones, Jr.
United States Magistrate Judge